**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ALFRED CLOKE, III,<br>    Plaintiff, | Case No. 1:14-cv-773 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| LOCAL UNION #1090, et al.,<br>    Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against "Local Union #1090, Douglas McCarron and United Brotherhood of Carpenters and Joiners of America." (Doc. 1). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because it fails to state a federal claim for relief.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, it appears that Plaintiff is alleging a violation of Title I of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411.

2

Namely, Plaintiff's "complaint" consists of a serious of letters from Plaintiff to Douglas McCarron, president of United Brotherhood of Carpenters and Joiners, and Mr. McCarron's responses thereto. In his letters to Mr. McCarron, Plaintiff (purportedly a member of the Union) appears to make two complaints: 1) the Union failed to protect the vested rights of its members by discontinuing the rotating location of meetings, making it impossible for members of all areas to have equal access to meetings: and 2) the Union violated his rights of equal voting and free speech by holding an election on June 17, 2014 only in Columbus, Ohio and not in other areas in the region. For relief, Plaintiff seeks:

1. Invalidate election
2. Establish system of mail ballots for Local 1050
3. Damages, unspecified
4. Injunctive relieve – by holding the implementation of any provision of the bylaws in question in abeyance until a decision by the Court.

(Doc. 1 at 18).

Upon careful review, the undersigned finds that this Court lacks jurisdiction over Plaintiff's claims.

The LMRDA protects the equal rights of union members to participate in internal union affairs. Title I sets forth a "Bill of Rights" for union members which protects them against the discriminatory application of union rules. *See Local No. 82, Furniture & Piano Moving v. Crowley,* 467 U.S. 526, 548 (1984). The "Bill of Rights" specifically guarantees equal rights and privileges to nominate and vote for candidates, among other rights. 29 U.S.C. § 411(a)(1); *see also Crowley,* 467 U.S. at 536-37, 104 S.Ct. 2557. An aggrieved union member may enforce Title I by filing a private action in federal court. 29 U.S.C. §

412; *see also Crowley,* 467 U.S. at 537, 104 S.Ct. 2557. The LMRDA, however, specifically limits the relief the federal court may grant to that which "may be appropriate." 29 U.S.C. § 412; *Crowley,* 467 U.S. at 538, 104 S.Ct. 2557. Conversely, Title IV governs union officer elections. *See* 29 U.S.C. §§ 481-483. It sets out a detailed procedure for post-election challenges. Congress designed the procedure to protect union democracy through free and democratic elections. *See Crowley,* 467 U.S. at 528. The statutory scheme established in Title IV attempts, in part, "to guarantee fair union elections in which all members are allowed to participate." *Calhoon v. Harvey,* 379 U.S. 134, 140 (1964). Unlike Title I, Title IV does not provide for a private right of action by aggrieved union members. Only the Secretary of Labor may file a Title IV action in federal court. An aggrieved union member must exhaust internal union remedies and then file a complaint with the Secretary before the Secretary may file an action in federal court. The LMRDA grants the Secretary the discretion to file a cause of action in federal court if she finds probable cause to believe an LMRDA violation occurred. *See* 29 U.S.C. § 482.

Moreover, Section 403 of the LMRDA explicitly establishes that Title IV provides the *exclusive* means through which a union member may challenge an already completed election. 29 U.S.C. § 483; *see also Molina,* 762 F.2d at 167-68; *Local 1575,* 951 F.Supp. at 332. In most instances, Title IV precludes Title I relief when a union member challenges the validity of an election that has already taken place. Pursuant to Title IV's exclusivity provision, Title I cannot support a union member's claim that necessarily will invalidate a previously conducted election. *Crowley,* 467 U.S. at 541-42, 104 S.Ct. 2557; *Molina,* 762 F.2d at 168.

4

Here, as noted above, Plaintiff clearly seeks to invalidate the results of the June 17, 2014 election.  Title IV clearly prohibits such a result in any case not brought by the Secretary of Labor. Because the relief sought by the plaintiff necessarily will invalidate the election, the court lacks subject matter jurisdiction over his Title I claim.[1]

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                 *s/ Stephanie K. Bowman*
                 Stephanie K. Bowman
                 United States Magistrate Judge

---

[1] Additionally, in response to Plaintiff's letter regarding the discontinuation of rotating Union meeting locations, Mr. McCarron stated that as of July 7, 2014, the Local Union has returned to rotating its meetings amongst various locations. (Doc. 1 at 10).  Accordingly, Plaintiff's complaint is now moot and there is no case or controversy in this regard. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ALFRED CLOKE, III,
    Plaintiff,

vs.

LOCAL UNION #1090, et al.,
    Defendants.

Case No. 1:14-cv-773

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).